[No. 5591.]
[No. 3269 C. A.]

THE STAR LOAN COMPANY v. THE DUFFY VAN AND STORAGE COMPANY.

1.   Judges—Elections—Law Unconstitutional—De Facto Officer —Official Acts Valid.

° A judge elected and inducted into office under an unconstitutional law is a de facto officer, and his official acts prior to an adjudication declaring such law unconstitutional, are valid and binding.—P. 442.

2.   Bills and .Notes—Payments—Evidence.

In an action for services, the evidence reviewed and held sufficient to authorize a finding that plaintiff's note, held by defendant, had been paid under an arrangement that services should be credited upon the note as rendered, or at least as tentative settlements were made.—P. 443.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Henry V. Johnson, Judge.*

Action by Thomas P. Duffy, doing business as The Duffy Van and Storage Company, against The Star Loan Company. From a judgment for plaintiff, defendant appeals.          *Affirmed.*

Mr. Clay B. Whitford and Mr. Henry R. May, for appellant.

No appearance for appellee.

Mr. Justice Helm delivered the opinion of the court:

It is earnestly contended by counsel for appellant that the decision of this court in the case of *People v. Johnson,* 34 Colo. 143, is decisive of the present appeal. And the principal portion of their arguments is devoted to this subject. The case thus referred to and relied on holds unconstitutional and void the provision of the charter authorizing the election of two county judges for the city and county of Denver. And it directs the entry of a judgment of ouster against respondent, who had previously presided at the trial of the case at bar.

Counsel insist that from the decision and judgment in that case it necessarily follows: that the acts of Judge Johnson, while he presided as one of the judges in the county court, were unauthorized and void; and consequently that his attempt to preside at the trial of the case at bar was wholly illegal and the trial a nullity.

If the effect thus attributed to *People v. Johnson* were correct, we could not escape the conclusion urged and would necessarily be compelled to reverse the judgment now before us.

But since the filing of appellant's printed argument here, this precise question has been considered and determined. In the case of *Butler v. Phillips,* 38 Colo. 378, upon careful investigation it was held that although the said Henry V. Johnson, because of the unconstitutionality of the act under which he was elected, was not entitled to hold the office, yet while he was engaged in the discharge of its duties and

prior to the decision declaring the law unconstitutional, he was a *de facto* officer; also that all of his acts as such officer were valid and binding in so far as objection upon this ground is concerned.

Hence it follows that the subject covered by this branch of the discussion is *stare decisis,* and we are relieved from now investigating or determining the same.

But counsel insist that the judgment must be reversed upon another ground: they claim that the evidence properly admitted at the trial was wholly insufficient to justify the decision in appellee's favor. This contention requires a brief reference to the facts.

Appellant held a promissory note dated May 5th, 1897, signed by appellee for $65.00, due August 1st, following, with interest at the rate of five per cent. per month from date until paid. At the time this note was given, appellee, who was engaged in the business of storing and moving personal property, was doing considerable work in that line for appellant. And, according to Duffy's testimony, there was an agreement that the services thus rendered were to be credited upon the note until the same was discharged; the calculation being that by maturity of the note it would probably be thus paid in full.

As a matter of fact, when the note matured the aggregate of appellee's claims for services did not quite discharge the principal and interest at the rate specified of five per cent. per month. At that time, however, according to the testimony of Duffy, which is partially corroborated by the witness Smith, Duffy went to appellant for the purpose of making settlement and taking up the note; but he was told that the balance due thereon was small, that it was not worth while to make a new note and mortgage, and to let it

run until the services he was rendering discharged such balance.

Relying upon this assurance appellee allowed the matter to rest. But in October, following, Smith representing appellee, had a conference with one Wilson representing appellant, on the subject; they went over appellee's accounts for services carefully and found the balance after deducting the amount of the note with five per cent. per month interest to date added, to be $16.00. At this time Wilson also said that when this sum was equalled by charges for work, the note would be returned.

About the 1st of January, 1898, when the services rendered by appellee covered the full amount of the note with interest, Duffy requested a settlement together with the cancellation and delivery to him of the note. Several postponements were made on certain pleas such as that the note and mortgage were mislaid, but finally Duffy succeeded in obtaining possession of these instruments. Appellee continued doing work for appellant, and, when the action was tried, the excess, after payment of the note in the manner stated, due appellee with legal interest from the date of the last item, amounted to $108.00, for which sum judgment was rendered.

The foregoing is the substance of the proofs introduced by appellee. In some important respects these proofs are contradicted by testimony for appellant. Stratton, president of appellant, denies the agreement to pay the note by services, and he accounts for change of possession of the note by claiming that Duffy, acting for appellee, borrowed the same for computation purposes and wrongfully refused to return it. But he does not explain why possession of the unrecorded mortgage was also delivered to Duffy; the mortgage was not necessary for computation purposes. It is sufficient, however, for

us to say that the trial court resolved these conflicts of evidence in favor of appellee, and we will not disturb his determination.

Appellant does not seriously contest the correctness of appellee's account for services rendered. It relies upon the proposition that the promissory note should be treated as unpaid and that interest should be computed thereon from its date to May 1st, 1900, when the action was begun, at the rate of five per cent. per month. By this method of computation there remained due from appellee on the date mentioned over and above its total charge for services, the sum of $7.11.

But we will accept the view adopted by the trial court that appellee was entitled to have the charges against appellant for storage and drayage applied in liquidation of the note as the services were performed, or at least as computations and tentative settlements were made; the record in our opinion amply sustaining this interpretation of the evidence. The judgment will be accordingly affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.